```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
CHARLOTTE KATZ, Individually and on
Behalf of all Other Persons Similarly
Situated,                                    VERIFIED COMPLAINT

        -against-                            CLASS ACTION

CHASE BANK USA, N.A.,                             Case No.

                     Defendant.
----------------------------------X
```

Plaintiff, Charlotte Katz, individually, and on behalf of all other persons similarly situated, by their undersigned attorney, VICTORIA L. WEINMAN, ESQ., as and for her Complaint against the defendant, alleges the following, based upon personal knowledge as to herself and her own action, and, upon information and belief, as to all other matters, plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery:

## NATURE OF THE ACTION

1.    Plaintiff, Charlotte Katz, brings this putative class action, by and through her undersigned attorney, on behalf of herself and all other similarly situated members of the proposed class seeking damages and injunctive relief against the above-named defendant and demands a trial by jury.  The proposed class are individuals who applied for a Chase credit card and were denied because they opened five or more credit cards in the past 24 months.

2.   On or about November, 2016, the defendant advertised the Chase Sapphire Card to the public.

3.   On or about November, 2016, plaintiff applied for the Chase Sapphire Card.

4.   By letter dated November 23, 2016, defendant advised that it would not approve plaintiff's application for the Chase Sapphire Card.

5.   Defendant's reason for declining plaintiff's application was: "Too many credit cards opened in the last two years associated with you."

6.   The defendant has a rule that if an individual had opened five or more credit cards over the past 24 months, the individual's application for a credit card would be declined (hereinafter the "5/24 rule").

7.   The defendant strictly applies its "5/24 rule."

8.   The defendant is so strict in its "5/24 rule" that it even counts cards that lists the applicant only as an "authorized user."

9.   On or about December 2, 2016, defendant's employee or agent, Kevin Doty, advised that the cutoff is five cards and that plaintiff has seven cards.

10.   Defendant's employer or agent advised that even though plaintiff was only an "authorized user" on three of the cards, those cards were still counted against her.

11.   At no time prior to the denial of the credit card application did defendant advise the public or the plaintiff that the credit card would be declined if the individual had opened five or more credit cards in the past 24 months.

12.   Defendant's "5/24 rule" negatively affects the applicant's credit worthiness as a denied credit application affects the applicant's credit score.

13.   Had plaintiff known of the defendant's "5/24 rule" plaintiff would not have applied for the card.

14.   Had plaintiff known that the defendant had a "5/24 rule" plaintiff would have been more selective in her choice of cards.

15.   As a matter of fairness, defendant should have made the "5/24 rule" known to the public.

16.   The defendant should have clearly stated the 5/24 rule in its terms and conditions so that the applicant would be made fully aware of the risk in applying for the card.

17.   The defendant should have made the public aware of its 5/24 rule so that a person may be more selective in applying for a card.

18.   The defendant should have clearly stated the "5/24 rule" in its advertisement of its cards.

18.   The defendant purposefully advertises its various credit cards to get people to sign up for them.

20.   The defendant advertises different rewards programs with its cards to entice people to apply for them.

21.   The defendant systematically offers new cards with different rewards programs to get people to apply for them.

22.   The defendant's "5/24 rule" discriminates against people that have gotten five cards or more within a two-year period.

23.   The defendant's "5/24 rule" unfairly discriminates against people that have gotten five cards or more within a two-year period.

24.    The defendant is a bank.

25.    The defendant is a credit card company.

26.    The defendant regularly extends credit to people.

27.    The defendant advertises in excess of 15 different credit cards on its website.

28.    One of defendant's purposes in advertising different cards is to get people to apply for multiple cards.

29.    Defendant advertises the following cards on its website: Chase Sapphire Reserve; Chase Sapphire Preferred; Freedom Unlimited; Freedom; Slate; Southwest Rapid Rewards; Mileage Plus Explorer United; Mileage Plus Club United; British Airways; Marriott Rewards; IHG Rewards Club; The Hyatt; The Ritz Carloton Rewards; Disney Premier; Disney Rewards; Amazon Rewards.

JURISDICTION AND VENUE

30.    This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), because the matter in controversy in this class action exceeds $5,000,000.00 and because it is a class action in which members of the putative class are citizens of states different from defendant.    Defendant is a Delaware corporation doing business in

the State of New York and nationwide.  Plaintiff is a resident of New York and a substantial number of members of the class reside in New York and nationwide.

31.  Venue is appropriate in this Court because defendant has designated its place of business as New York County with the New York State Secretary of State.

32.  This Court has personal jurisdiction over defendant because it conducts systematic and continued business with the State of New York and because a substantial portion of the wrongdoing alleged in this Complaint took place in this State and County.

33.  Jurisdiction is appropriate because the complained of transactions(s) took place in the State of New York.

34.  Jurisdiction is appropriate because the defendant is "at home" in the State of New York.

35.  Defendant conducts a very substantial amount of its business in New York State.

36.  The defendant has applied for and is authorized to conduct business in the State of New York.

THE PARTIES

37.   Plaintiff Charlotte Katz resides in the County of
Queens, City and State of New York.

38.   On behalf of herself and all persons similarly
situated, plaintiff brings this action against the defendant
pursuant to Class Action Fairness Act of 2005, 28 U.S.C. Section
1332(d).

CLASS ACTION ALLEGATIONS

39.   Plaintiffs brings this action as a putative class
action on behalf of a class consisting of consumers who applied
for a Chase credit card but were denied because they opened five
or more credit cards in the past 24 months.

40.   The members of the class are so numerous that joinder
of all members is impracticable.  While the exact number of class
members is unknown to the plaintiff at this time and can only be
ascertained through the appropriate discovery, plaintiff believes
that there are hundreds and probably thousands of members in the
proposed class.  Other members of the class may be identified
from records maintained by the defendant and may be notified of
the pendency of this action by mail, using the form of notice
similar to that customarily used in class action.

41.   Plaintiff' claims are typical of the claims of the members of the class as all members of the class are similarly affected by defendant's wrongful conduct in violation of statutes that are complained of herein.

42.   Plaintiff will fairly and adequately protect the interests of the members of the class in that she has no interests antagonistic to those of the other members of the class.

43.   Plaintiff has retained experienced and competent counsel.

44.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually seek redress for the wrongful conduct alleged herein.  If class treatment of these claims were not available, defendant would be permitted to continue its deceptive practice of failing to advise the applicants of its "5/24 rule" which effects the applicant's credit and/or an applicant's ability to limit his/her choice of what cards to apply for.

45.    Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class.    Among the common questions of law fact to the class are:

a.    Whether defendant breached the covenant of good faith and fair dealing with respect to the plaintiffs and members of the class;

b.    Whether defendant violated the consumer protection statutes of New York and of various states by, among other things, engaging in unfair, prejudicial, deceptive, fraudulent and/or unconscionable practices;

c.    Whether defendant violated the Truth-in-Lending Act, 15U.S.C. § 1601 et seq.;

d.    Whether the members of the class have sustained damages as a result of defendant's wrongful conduct;

e.    Whether defendant should be enjoined from continuing its practices.


46.    The class is readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation.    The names and addresses of substantially all of the members of the class are available from the defendant. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

FIRST CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing)

47.   Plaintiff, on behalf of herself and the Class, re-alleges and incorporate by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

48.   Under common law, a covenant of good faith and fair dealing is implied into every contract.

49.   As a result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff and the class sustained damages in an amount to be determined by this Court, including interest on all liquidated sums and reasonable attorneys' fees.

Violation of General Business Law Sections 349 and 350 New York

50.   Plaintiff, on behalf of herself and the Class, re-alleges and incorporate by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

51.   Defendant's conduct constitutes deceptive acts or practices and/or false advertising in the conduct of business, trade or commerce or on the furnishing of services in this state which effects the public interest under New York General Business

Law Section 349 and 350.

52.   Defendant's conduct was materially misleading to plaintiff and the class.

53.   During the class period, the defendant carried out a plan, scheme and course of conduct which was consumer oriented.

54.   Plaintiff and the class were injured by defendant's conduct.

55.   The injuries to the plaintiff and the class were foreseeable to defendant and, thus, defendant's actions were unconscionable and unreasonable.

56.   Defendant is liable for injuries sustained by the plaintiff and the class to the maximum extent allowable under New York General Business Law Sections 349 and 350.

State Consumer Protection Statutes

57.   Plaintiff, on behalf of herself and the class, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

58.   In the event the Court determines that the Delaware choice of law provision in defendant's cardholder agreements is unenforceable against non-residents, plaintiff alleges that defendant's conduct, as set forth herein, violates the following consumer protection statutes:

Ala. Code § 8-19-1, et seq.;

Alaska Stat. § 45.50.471, et. seq.;

Ariz. Rev. Stat. § 44-1522, et. seq.;

Ark. Code § 4-88-101, et. seq.;

Cal. Bus. & Prof. Code § 17200, et. seq.;

Colo. Rev. Stat. § 6-1-105, et. seq.;

Conn. Gen. Stat. § 42-110a, et. seq.;

6 Del. Code §§ 2511, et. seq. and 2531, et seq.;

D.C. Code § 28-3901, et. seq.;

Fla. Stat. § 501.201, et. sequ. Ga. Stat. §§10-1-372, et. seq., 10-1-392 and 10-1-420;

Haw. Rev. Stat. § 480-1, et. seq.;

Idaho Code § 48-601, et. seq.;

815 ILCS § 505/1, et. seq.;

Ind. Code Ann. § 24-5-0.5-1, et. seq.;

Iowa Code § 714.16, et. seq.;

Kan. Stat. § 50-623, et. seq.;

Ky. Rev. Stat. § 367.170, et. seq.;

La. Rev. Stat. § 51:1401, et. seq.;

5 Me. Rev. Stat. § 205A, et. seq.;

Md. Com. Law Code § 13-101, et. seq.;

Mass. Gen. L. Ch. 93A, et. seq.;

Mich. Comp. Laws Ann. § 445.901, et. seq.;

Minn. Stat. §§ 325D.43, et seq., 325F.67, et seq.; and 325F.68 et seq.;

Miss. Code Ann. § 75-24-1, et. seq.;

Vernon's Ann. Missouri Stat. § 407.010, et. seq.; kk. Mont. Code Ann. § 30-14-101, et. seq.;

Neb. Rev. Stat. § 59-1601, et. seq.;

Nev. Rev. Stat. Ann. § 598.0903, et. seq.;

N.H. Rev. Stat. § 358-A:1, et. seq.;

N.J. Rev. Stat. § 56:8-1, et. seq.;

N.M. Stat. § 57-12-1, et. seq.;

N.Y. Gen. Bus. Law §§ 349 et. seq.;

N.C. Gen. Stat. § 75-1.1, et. seq.;

N.D. Cent. CODE §§ 51-12-01, et. seq., and 51-15-01, et seq.;

Ohio Rev. Stat. § 1345.01, et. seq.;

Okla. Stat. 15 § 751, et. seq.;

Or. Rev. Stat. § 646.605, et. seq.;

73 Pa. Stat. § 201-1, et. seq.;

R.I. Gen. Laws. § 6-13.1-1, et. seq.;

S.C. Code Laws § 39-5-10, et. seq.;

S.D. Codified Laws § 37-24-1, et. seq.;

Tenn. Code § 47-18-101, et. seq.;

Tex. Bus. & Com. Code § 17.41, et. seq.;

Utah Code. § 13-11-1, et. seq.;

9 Vt. § 2451, et. seq.;

Va. Code § 59.1-196, et. seq.;

Wash. Rev. Code. § 19.86.010, et. seq.;

West Virginia Code § 46A-6-101, et. seq.;

Wis. Stat. §100.20, et. seq.;

Wyo. Stat. § 40-12-101, et. seq.

59.   As a result of defendant's violations of the foregoing state consumer protection statutes, plaintiff and the class are entitled to compensatory damages, double damages, treble damages, statutory damages, punitive or exemplary damages, restitution, and/or injunctive relief.

WHEREFORE, plaintiff prays for relief and judgment as follows:

(A)   For compensatory damages in favor of plaintiff and the class;

(B)   For costs and disbursements incurred in connection with this action, including reasonable attorney's fees and expenses.

(C)    For pre- and post- judgment interest; and

(D)   Enjoining defendant from continuing to implement its unfair and unlawful practices, and for such other and further relief as the Court deems just and proper.

DATED:     Fresh Meadows, NY
           March 9, 2017

Yours, etc.

Victoria L. Weinman, Esq.
VLW4041
Attorneys for Plaintiff
61-25 Utopia Parkway
Fresh Meadows, NY 11365
(718) 463-3700

STATE OF NEW YORK      )
                                    )s.s.:
COUNTY OF QUEENS      )

*Charlotte Katz*                          being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

_____ *Complaint* _____

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and as to those matters

deponent believes them to be true.

                                              *Charlotte Katz*
                                         _____

Sworn to before me this 10th
day of *March* , 200 7

_____
Notary Public

**JOANN EVERS**
**Notary Public, State of New York**
**No. 01EV4988644**
**Qualified in Queens County**
**Commission Expires November 12,** 2017

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE KATZ, Individually and on Behalf of all Other Persons Similarly Situated,

Plaintiff(s),

-against-

CHASE BANK USA, N.A.,

Defendant(s).

CIVIL COVER SHEET/SUMMONS/VERIFIED COMPLAINT

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York  11365
(718) 463-3700
(718) 886-3410 (Fax)

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:

Attorney(s) for